RP

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Juan Rodriguez Lopez,　　　　　　　)　No. CV-05-2170-PHX-DGC (ECV)
　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　)　**ORDER**
　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
Peterson, et al.,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　　)
　　　　　　　　　　　　　　　　　)
_____)

On July 21, 2005, Juan Rodriguez Lopez (Plaintiff), presently confined in the North Unit I of the Arizona State Prison Complex in Florence, Arizona (ASPC-Florence), filed with the Clerk of the Court a pro se "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint) pursuant to 42 U.S.C. § 1983. This action is one of more than one thousand (1,000) lawsuits filed in this district since September 2004 alleging that the overcrowded conditions in the Maricopa County jail system have resulted in a variety of constitutional violations.[1]

---

[1]Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

**JDDL-K**

- 1 -

1       Plaintiff did not pay a filing fee, but filed a certified "Application To Proceed <u>In</u>

2   <u>Forma</u> <u>Pauperis</u> By A Prisoner Civil (Non-Habeas)" (Application To Proceed) and an

3   "Inmate Account Statement" (Account Statement) with his Complaint.

4       By Order filed March 20, 2006 (Document #3), Plaintiff's Application to Proceed was

5   granted and Plaintiff was obligated to pay the two hundred and fifty dollar ($250.00)

6   statutory filing fee for this action.  Based on the average monthly deposits in Plaintiff's

7   account for six (6) months preceding the filing of the Complaint, an initial partial filing fee

8   of sixty-eight cents ($0.68) was assessed.

9       The Order also dismissed Plaintiff's Complaint without prejudice, with leave to

10  amend.  Plaintiff was given thirty (30) days from the filing date of the Order to file an

11  amended complaint.

12      By separate Order filed March 20, 2006 (Document #4), the Maricopa County Sheriff

13  or his designee was required to send to the Clerk of the Court the initial partial filing fee, and

14  thereafter, payments from Plaintiff's trust account each time the amount in the account

15  exceeds ten dollars ($10.00), until the statutory filing fee of two hundred and fifty dollars

16  ($250.00) is paid in full.

17                **UNSIGNED AMENDED COMPLAINT**

18      On March 27, 2006, Plaintiff filed an unsigned "First Amended Complaint"

19  (Document #5) (Amended Complaint).  Pursuant to Rule 7.1(b)(1) of the Local Rules of

20  Civil Procedure (LRCiv), all pleadings must be signed as provided in Rule 11 of the Federal

21  Rules of Civil Procedure.  Moreover, LRCiv 3.4(a) specifically requires that complaints by

22  incarcerated persons must be signed.

23      Under these Rules, the Amended Complaint Plaintiff has filed is deficient because it

24  has not been signed as required.  Accordingly, Plaintiff will also be given thirty (30) days to

25  either: 1) file a completed and signed Certificate, using the form included with this Order,

26  certifying that Plaintiff's signature on the Certificate shall serve as an original signature on

27  his Amended Complaint for the purposes of LRCiv 7.1(b)(1) and 3.4(a), and Rule 11 of the

28  Federal Rules of Civil Procedure, or 2) file a second amended complaint that contains

**JDDL-K**                                                                                   - 2 -

1    Plaintiff's original signature.

2        Plaintiff should take notice that pursuant to LRCiv 15(a)(2) any second amended

3    complaint he may file is not to incorporate by reference any part of the original or Amended

4    Complaint. Any second amended complaint submitted by the Plaintiff should also be clearly

5    designated as a second amended complaint on the face of the document.

6                              **RULE 41(b) WARNING**

7        Plaintiff is warned that if he fails to file the required Certificate, or a second amended

8    complaint, with the Court within thirty (30) days from the filing date of this Order, the

9    Amended Complaint will be stricken pursuant to Rule 11(a) of the Rules of Federal

10   Procedure ("unsigned paper shall be stricken unless omission of the signature is corrected

11   promptly after being called to the attention of the attorney or party"), and the action

12   dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v.

13   Bonzelet, 963 F.2d 1258 (9th Cir. 1992) (District Court may dismiss action for failure to

14   comply with any order of the Court), cert. denied, 506 U.S. 915 (1992). Moreover, because

15   the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file the

16   required Certificate, or a second amended complaint, with the Court within thirty (30) days

17   from the filing date of this Order, the dismissal of this action will count as a "strike" under

18   the "three strikes" provision of the Prison Litigation Reform Act. See 28 U.S.C. § 1915(g).

19       **IT IS THEREFORE ORDERED:**

20       (1)  That within thirty (30) days from the filing date of this Order, Plaintiff SHALL

21   either: 1) file a completed and signed Certificate, using the form included with this Order,

22   certifying that Plaintiff's signature on the Certificate shall serve as an original signature on

23   his Amended Complaint for the purposes of Local Rules of Civil Procedure 7.1(b)(1) and

24   3.4(a) (LRCiv), and Rule 11 of the Federal Rules of Civil Procedure, or 2) file a second

25   amended complaint that contains Plaintiff's original signature with the Court;

26       (2)  That the Clerk of the Court is DIRECTED to strike Plaintiff's Amended

27   Complaint and enter a judgment of dismissal of this action, without further notice to Plaintiff,

28   if within thirty (30) days from the filing date of this Order, Plaintiff has failed to either: 1)

**JDDL-K**                                    - 3 -

file a completed and signed Certificate, using the form included with this Order, certifying that Plaintiff's signature on the Certificate shall serve as an original signature on his Amended Complaint for the purposes of LRCiv 7.1(b)(1) and 3.4(a), and Rule 11 of the Federal Rules of Civil Procedure, or 2) file a second amended complaint that contains Plaintiff's original signature with the Court.  Upon entry of judgment, the Clerk of the Court SHALL MAKE an entry on the docket in this matter indicating that the dismissal of this action falls within the purview of 28 U.S.C. § 1915(g);

(3) That a clear, legible copy of every pleading or other document filed SHALL ACCOMPANY each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. See LRCiv 5.4. **Failure to comply with this requirement will result in the pleading or document being stricken without further notice to Plaintiff**;

(4) That at all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and the United States Marshal of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except that if Plaintiff has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b);

(5) That the Clerk of the Court is DIRECTED to provide Plaintiff with a Certificate form and a current Court-approved form for filing a "Civil Rights Complaint By A Prisoner" pursuant to 42 U.S.C. § 1983."

1    DATED this 19th day of April, 2006.

2

3

4    _____

5    David G. Campbell
     United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JDDL-K**                                                                - 5 -

**INFORMATION AND INSTRUCTIONS FOR A
PRISONER FILING CIVIL RIGHTS COMPLAINT
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

## I.  <u>General Information About the Civil Rights Complaint Form:</u>

A.  <u>The Form</u>.   The civil rights complaint form is designed to help prisoners prepare a complaint seeking relief for a violation of their federal civil rights.  Local Rule of Civil Procedure 3.4(a) requires that prisoner civil rights complaints be filed on the court-approved form.  Your complaint must be typewritten or legibly handwritten.  All information must be clearly and concisely written, **only in the space provided on the form.**  If needed, you may attach no more than fifteen additional pages of standard letter size paper to continue any part of the complaint. You must identify which part of the complaint is being continued and number all pages.

B.  <u>Your Signature</u>.  You must sign the complaint.  Your signature constitutes a certificate that: 1) you have read the complaint; 2) to the best of your knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and law; and 3) it is not being filed for any improper purpose.  Please review Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 provides for the imposition of sanctions if the complaint is signed in violation of the Rule.

C.  <u>The Filing Fee</u>.  You must pay the $250.00 filing fee.  If you are unable to pay the filing fee when the complaint is filed, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for more information.

D.  <u>Court Divisions</u>.  If you resided in Maricopa, Pinal, Yuma, La Paz, or Gila county when your rights were allegedly violated, you should  file your complaint in the Phoenix Division of the court.  If you resided in Apache, Navajo, Coconino, Mohave, or Yavapai county when your rights were allegedly violated, you should file your complaint in the Prescott Division of the court.  If you resided in Pima, Cochise, Santa Cruz, Graham, or Greenlee county when your rights were allegedly violated, you should file your complaint in the Tucson Division of the court. See LRCiv  5.1(a) and 77.1(a).

You should mail THE ORIGINAL AND ONE COPY of your complaint with the $250.00 filing fee or the application to proceed *in forma pauperis* to:

| <u>Phoenix & Prescott Divisions</u>: | **OR** | <u>Tucson Division</u>: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 321 | | U.S. Courthouse, Suite 1500 |

401 West Washington Street, SPC 10          405 West Congress Street
Phoenix, Arizona  85003-2119                Tucson, Arizona  85701-5010

E.  <u>Certificate of Service on Defendants</u>.  You must furnish the opposing party or their attorney with a copy of any document you submit to the court (except the initial complaint and application to proceed *in forma* pauperis).  Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial complaint and application for leave to proceed *in forma pauperis)* must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the opposing party or their attorney and the address to which it was mailed.  Any document received by the court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this ___ day of___(month)___, (year) , to:
> Name:  _____
> Address:_____
>        Attorney for Defendant(s)/Respondent(s)
>
>
> _____
> (Signature)

F.  <u>Original and Judge's Copy</u>.  You must furnish an original and one copy of any document submitted to the court.  You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.

G.  <u>Exhibits</u>.  You should not submit exhibits with the complaint.  Instead, the relevant information should be paraphrased in the complaint.  You should keep the exhibits to use to support or oppose a motion for summary judgment or at trial.

H.  <u>Change of Address</u>.  You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form. Rule 15(a) of the Federal Rules of Civil Procedure allows you to file one amended complaint prior to any defendant filing an answer.  After any defendant has filed an answer, you must file a motion for leave to amend and lodge a proposed amended complaint.  Local Rule of Civil Procedure 15.1(a)(2) prohibits any amended pleading from referencing any prior pleading.  Further, any allegations or defendants not included in the

amended complaint are considered dismissed.

J.  Letters and Motions.  It is generally inappropriate to write a letter to any of the District Judges, Magistrates Judges, or the staff of any of the judicial officers.  The appropriate way to communicate with these persons is by filing a written pleading or motion.

## II.  Completing the Civil Rights Complaint Form:

**HEADING:**

1.  Your Name.  Print your name, prison or jail inmate number, and mailing address on the lines provided.

2.  Defendants.  Print the names of each of your defendants.  If you name more than **four** defendants, you should print the name of one defendant and "see additional page for defendants" in the space provided.  On the additional page you must list the names of **all** of the defendants.  This additional page should be inserted after page 1 and numbered as page "1-A" at the bottom of the page.  The initial complaint must contain the names of **all** of the parties (plaintiffs as well as defendants) in the heading (or on the additional page if more than four defendants).  See Rule 10(a) of the Federal Rules of Civil Procedure.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" on the line below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so will result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Plaintiff.  Print all of the requested information on the spaces provided.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on a separate page.  Label the page(s) as "2-A," "2-B," etc., at  the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary

information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights the defendant(s) violated.  The form provides space to allege three separate counts (one violation per count).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A", "5-B", etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.  You must identify which civil right was violated.  YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT.

2.  <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  YOU MAY CHECK ONLY ONE BOX  PER COUNT.  If you check the box marked "Other," you must identify the specific issue involved in the space provided.

3.  <u>Supporting Facts</u>.  After you have identified which civil right was violated, you need to state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you need to identify which defendant did what act.  You also need to state the date(s) on which the act(s) occurred if possible.

4.  <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.  Exhaustion of administrative remedies is a prerequisite to filing a civil rights complaint.  42 U.S.C. § 1997e requires prisoners to exhaust the available administrative remedies before being allowed to file a civil rights action.  Consequently, you must disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If one of your counts is exempt from the grievance procedures or administrative appeals, fully explain the exemption on the lines provided.

**Part D.  REQUEST FOR RELIEF:**

Print the relief you are seeking in the space provided.

**SIGNATURE:**

You must sign your name and print the date you signed the complaint.  Your signature must be an original signature, not a photocopy.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed by the court.  All questions must be answered concisely

4

in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ , )
(Full Name of Plaintiff)            )
         Plaintiff,        )
                   )
         vs.          )    CASE NO. _____
                   )    (To be supplied by the Clerk)
_____ , )
_____ , )
_____ , )    **CIVIL RIGHTS COMPLAINT**
_____ , )    **BY A PRISONER**
                   )
_____ , )    ☐ Original Complaint
(Full Name of Each Defendant)       )    ☐ First Amended Complaint
         Defendant(s).     )    ☐ Second Amended Complaint
_____ )

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
      a.  ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
      b.  ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
      c.  ☐ Other:  (Please specify.) _____.

2.  Name of Plaintiff: _____.
    Present mailing address: _____.
    **(Failure to notify the Court of your change of address may result in dismissal of this action.)**

    Institution/city where violation occurred: _____.

**550/555**

3.  Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
　　　　　　　　　(Position and Title)　　　　　　　　　　　　　　　　　(Institution)

The first Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the first Defendant was acting under color of law: _____
_____.

4.  Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
　　　　　　　　　(Position and Title)　　　　　　　　　　　　　　　　　(Institution)

The second Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the second Defendant was acting under color of law: _____
_____.

5.  Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
　　　　　　　　　(Position and Title)　　　　　　　　　　　　　　　　　(Institution)

The third Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the third Defendant was acting under color of law: _____
_____.

6.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
　　　　　　　　　(Position and Title)　　　　　　　　　　　　　　　　　(Institution)

The fourth Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the fourth Defendant was acting under color of law: _____
_____.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?　　　☐ Yes　　　☐ No

2.  If your answer is "yes," how many lawsuits have you filed? _____. Describe the previous lawsuits in the spaces provided below.

3.  First prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____
        _____.

2

    b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____
          _____.

    c.   Case or docket number: _____.
    d.   Claims raised: _____
          _____
          _____

    e.   Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) ____
          _____.

    f.   Approximate date lawsuit was filed: _____.
    g.   Approximate date of disposition: _____.

4.   Second prior lawsuit:
    a.   Parties to previous lawsuit:
          Plaintiff: _____.
          Defendants: _____
          _____.

    b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____
          _____.

    c.   Case or docket number: _____.
    d.   Claims raised: _____
          _____
          _____.

    e.   Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) ____
          _____.

    f.   Approximate date lawsuit was filed: _____.
    g.   Approximate date of disposition: _____.

5.   Third prior lawsuit:
    a.   Parties to previous lawsuit:
          Plaintiff: _____.
          Defendants: _____
          _____.

    b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____
          _____.

    c.   Case or docket number: _____.
    d.   Claims raised: _____
          _____
          _____.

    e.   Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) ____
          _____.

    f.   Approximate date lawsuit was filed: _____.
    g.   Approximate date of disposition: _____.

**(If you filed more than three  lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

## C.  CAUSE OF ACTION

### COUNT I

1.   The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____.

2.   Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
in a different count)   ☐ Mail   ☐ Access to the court   ☐ Medical care
☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion   ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I.  Describe exactly what each
Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.   **Administrative Remedies:**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
your institution?   ☐ Yes   ☐ No
b.   Did you submit a request for administrative relief on Count I?   ☐ Yes   ☐ No
c.   Did you appeal your request for relief on Count I to the highest level?   ☐ Yes   ☐ No
d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
why you did not. _____
_____.

**COUNT II**

1.    The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____.

2.    Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
in a different count)          ☐ Mail               ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings    ☐ Property           ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety   ☐ Other: _____.

3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.    **Administrative Remedies:**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at
your institution?                                                          ☐ Yes    ☐ No
b.    Did you submit a request for administrative relief on Count II?        ☐ Yes    ☐ No
c.    Did you appeal your request for relief on Count II to the highest level?  ☐ Yes    ☐ No
d.    If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
why you did not.  _____
_____.

## COUNT III

1.   The following constitutional or other federal civil right has been violated by the Defendant(s):  _____
_____.

2.   Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
     in a different count)         ☐ Mail              ☐ Access to the court        ☐ Medical care
     ☐ Disciplinary proceedings     ☐ Property          ☐ Exercise of religion        ☐ Retaliation
     ☐ Excessive force by an officer  ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.   **Administrative Remedies:**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
          your institution?                                                          ☐ Yes   ☐ No
     b.   Did you submit a request for administrative relief on Count III?            ☐ Yes   ☐ No
     c.   Did you appeal your request for relief on Count III to the highest level?   ☐ Yes   ☐ No
     d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
          why you did not.  _____
          _____.

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

6

## D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                          DATE                                                SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.

1

2

3   (Your name and address)

4

5

6                IN THE UNITED STATES DISTRICT COURT

7                  FOR THE DISTRICT OF ARIZONA

8

9

10  Juan Rodriguez Lopez,              )   No. CV-05-2170-PHX-DGC (ECV)
                                       )
11             Plaintiff,              )   **CERTIFICATE**
                                       )
12  vs.                                )
                                       )
13                                     )
    Peterson, et al.,                  )
14                                     )
               Defendants.             )
15                                     )
                                       )
16  _____  )

17

18      I, <u>JUAN RODRIGUEZ LOPEZ</u>, hereby certify: That I have read the <u>pro</u> <u>se</u> "First

19  Amended Complaint" (Document #5) (Amended Complaint) pursuant to Title 42 U.S.C. §

20  1983 filed by me on March 27, 2006, and that to the best of my knowledge, information, and

21  belief, formed after an inquiry reasonable under the circumstances; (1) it is not being

22  presented for any improper purpose, such as to harass or to cause unnecessary delay or

23  needless increase in the cost of litigation, (2) the claims, defenses, and other legal contentions

24  therein are warranted by existing law or by a nonfrivolous argument for the extension,

25  modification, or reversal of existing law or the establishment of new law, (3) the allegations

26  and other factual contentions have evidentiary support or, if specifically so identified, are

27  likely to have evidentiary support after a reasonable opportunity for further investigation or

28                                    - 1 -

discovery, and (4) the  denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

I further certify that my signature on this document shall serve as an original signature on the above referenced Amended Complaint for the purposes of Rules 7.1(b)(1) and 3.4(a) of the Local Rules of Civil Procedure (LRCiv), and Rule 11 of the Federal Rules of Civil Procedure.

Executed on this _____ day of _____, 2006.


_____
(Signature of Plaintiff)
Juan Rodriguez Lopez